NUMBER 13-04-039-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

GODFREY GARCIA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
__________________________________________________________________

On appeal from the 105th District Court of Nueces County, Texas.
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Opinion Per Curiam

         In 1996, appellant Godfrey Garcia was convicted by a jury of the offense of
aggravated sexual assault. He unsuccessfully appealed his conviction to this Court. 
See Garcia v. State, No. 13-96-128-CR, 1997 Tex. App. LEXIS 3633 (Tex.
App.–Corpus Christi 1997, no pet.) (not designated for publication). Since his
conviction, appellant has filed several motions for post-conviction DNA testing. 
Appellant currently seeks to appeal the trial court’s fifth order denying DNA testing
which was entered by the trial court on October 9, 2003, as well as the trial court’s
order of that same date allowing the withdrawal of counsel appointed for the purpose
of the DNA proceeding. Appellant also attempts to appeal the trial court’s order of
December 30, 2003, denying his motion for a nunc pro tunc judgment.
         To the extent that appellant seeks to appeal the denial of his request for a nunc
pro tunc judgment, an order denying a motion for judgment nunc pro tunc is not
appealable. Scott v. State, 253 S.W.3d 275, 276 (Tex. Crim. App. 1952). To the
extent that appellant seeks to appeal the denial of DNA testing and the order granting
withdrawal of counsel, we conclude that appellant’s notice of appeal is untimely and
fails to invest this Court with jurisdiction over the appeal.



         Appellant filed a pro se notice of appeal in this case on January 21, 2004. 
Absent a timely motion for new trial, the notice of appeal must be filed within thirty
days after the date sentence is suspended or imposed in open court, or after the day
the trial court enters an appealable order. See Tex. R. App. P. 26.2(a)(1). An appellate
court may grant an extension of time to file the notice of appeal if, within fifteen days
after the deadline for filing the notice of appeal, the party files the notice of appeal in
the trial court and files an extension motion in the appellate court. See Tex. R. App.
P. 26.3. 
         On March 26, 2004, we notified appellant that it appeared that his notice of
appeal was not timely filed and we would dismiss the appeal unless we received a
response showing grounds for continuing the appeal. See Tex. R. App. P. 44.3. 
Appellant has filed motions in which he contends that he did not receive notice of the
trial court’s order until January 12, 2004.
         Although a party who does not receive notice of a judgment or order is given
additional time to file a notice of appeal in a civil case, there is no comparable rule for
criminal cases. See Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. Therefore, appellant
failed to timely file his notice of appeal.
         Our appellate jurisdiction over a criminal appeal is triggered through a timely
notice of appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
In the absence of a timely notice of appeal, a court of appeals does not obtain
jurisdiction to address the merits of the appeal in a criminal case and can take no
action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998). 
         Accordingly, this appeal is DISMISSED FOR WANT OF JURISDICTION.
                                                                                 PER CURIAM
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed this
the 6th day of May, 2004.